## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| Laura Vinson, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. _____ |
| | § | |
| **v.** | § | |
| | § | |
| **JKL Royse, LLC (d/b/a JD Kennels),** | § | |
| **GKT Rose Cottage, LLC (d/b/a and** | § | |
| **a/k/a "Bark! Hotel for Dogs"), Five Paw** | § | **JURY DEMANDED** |
| **Pet Resorts, K9 Cabana Dog Resort &** | § | |
| **Training Center, TLB Royse, LLC, and** | § | |
| **LSBB Holdings LLC,** | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Laura Vinson files this Original Complaint against Defendant JKL Royse, LLC (d/b/a JD Kennels) ("JD Kennels"), and in support states as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction is conferred on this Court by 28 U.S.C. §1331.

2.      Venue is proper in this Court under 28 U.S.C. §1441(a).  Venue is also proper in this district pursuant to 28 U.S.C. §1391(b)(1) and under 28 U.S.C. §1391(b)(2) because all or substantial part of the events or omission giving rise to the claim occurred in this district.

### PARTIES

3.      Plaintiff Laura Vinson is a resident of Quinlan, Texas.  She is a former applicant for employment with the Defendant JD Kennels.

4.      Defendant JD Kennels is a Texas corporation located at 6641 West I-30 Frontage Rd. Royse City, TX 75189.  It is owned and/or operated by Karen Smith-Buckley, and it can be served with process through its registered agent, Karen Smith-Buckley, at that address.  It may also be served through its Manager/Members, James G. Loe or Terry Buckley, at the same address.

5.      GKT Rose Cottage, LLC (d/b/a and a/k/a "Bark! Hotel for Dogs") is a pet care business located at 2100 McKinney Ranch Pkwy., McKinney, TX 75070.  It is owned and/or operated by Karen Smith-Buckley, and is a single, integrated enterprise together with the other Defendants in this case. It can be served with process through its registered agent, Karen Smith-Buckley, at 2100 McKinney Ranch Pkwy., McKinney, Texas 75070.

6.      Five Paw Pet Resorts is a pet care business owned and/or operated by Karen Smith-Buckley. It is a single, integrated enterprise together with the other Defendants in this case. It is associated with the address: 2100 McKinney Ranch Pkwy., McKinney, Texas 75070. It does not appear to be registered with any State's Secretary, but can be served via its owner, Karen Smith Buckley, at 6641 West I-30 Frontage Rd. Royse City, TX 75189.

7.      K9 Cabana Dog Resort & Training Center ("K9 Cabana") is a pet care business located in Myrtle Beach, South Carolina, at 3951 Dick Pond Rd. (Hwy 544), Myrtle Beach, SC 29588.  It is a single, integrated enterprise together with the other Defendants in this case.  It does not appear to be registered with any State's Secretary, but can be served via its owner, Karen Smith Buckley, at 6641 West I-30 Frontage Rd. Royse City, TX 75189.

8.      TLB Royse, LLC is a Texas corporation located at 3679 Bethel Cannon Rd., Van Alstyne, TX 75495.  It  is a single, integrated enterprise together  with the other Defendants in

this case.  It can be served via its Registered Agent, Karen Smith Buckley, at  6641 W. Interstate 30, Royse City, TX 75189.

9.      LSBB  Holdings  LLC  is  a  Texas  business  located  at  2100  McKinney  Ranch Pkwy.,  McKinney,  TX  75070,  and  at  9525  Locust  Hill  Rd.,  Greenwood,  LA  71033.  It   is  a single, integrated enterprise together with the other Defendants in this case.  It can be served via its Registered Agent, Karen Smith Buckley, at  2100 McKinney Ranch Pkwy., McKinney, TX 75070.

## **FACTS**

10.      Ms.  Vinson  is  disabled.   She  has  a  physiological  disorder  (deafness)  that substantially limits her ability to hear,  as compared to most people in the general population.

11.      Ms. Vinson also has a record of this impairment, and at all times relevant to this lawsuit,  was  regarded  by  Defendant  as  having  this  impairment.  It  subjected  her  to  a  prohibited action (refusal to hire) because of her actual or perceived physical impairment.

12.      On July 24, 2019, Ms. Vinson applied for a job as a Kennel Technician with Defendant.

13.      In  her  written  communications  with  Defendant  about  her  application,  she informed Defendant that she was "hard of hearing."

14.      Defendant replied that: "being hard of hearing might hamper your kennel tech requirements unfortunately," because a kennel tech must be "constantly listening" for sounds such as growls, warning yelps, snaps, and barks.

15.    What Defendant did not immediately know (because it did not ask) was that Ms. Vinson had already worked as a kennel technician at another dog kennel.  She performed that job without issue.

16.    Defendant also did not know (because it did not ask) that Ms. Vinson *is* able to hear dog barks, yelps, snaps, and growls.

17.    But Defendant didn't bother to inquire about Ms. Vinson's level of impairment, or engage in any type of interactive process with her.  Instead, it rejected her outright.

18.    After this initial rejection, Ms. Vinson informed Defendant that she had already worked as a kennel technician, and that her hearing impairment "didn't interfere with anything" in her work.

19.    Defendant replied: "that's interesting."

20.    Defendant then claimed that it had another applicant apply in the past year who was "hard of hearing as well;" that they had contacted the TWC about that applicant; and that the TWC said it wouldn't be safe "for the applicant or the dogs" for someone with a hearing impairment to work as a kennel tech.  And as a result, it would not interview Ms. Vinson for the job.

21.    Upon information and belief, this was a lie – the TWC did not give any such instruction to Defendant.

22.    The six defendants in this case are nominally separate entities, that are actually part of a single integrated enterprise.  They have interrelated operations, centralized control of labor relations, common management, and common ownership or financial control.

## COUNT ONE:
## ADAAA & TCHRA Failure to Accommodate

23.    Plaintiff realleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

24.    Ms. Vinson made it very clear to Defendant that she suffered from a physical impairment.

25.    Defendant did not engage in any "interactive process" with Ms. Vinson  to determine the feasibility of any accommodations.  Instead, it immediately refused to consider her application for employment.

26.    Plaintiff requests that she be awarded all damages to which she is entitled, including but not limited to: all lost wages and employee benefits, compensatory and punitive damages, pre-judgment interest, and post-judgment interest.

27.    Plaintiff requests reinstatement (or adequate front pay in lieu of reinstatement), and any additional equitable or other relief to which she may be entitled.

28.    Plaintiff also seeks recovery of her reasonable attorney's fees and court costs.

## COUNT TWO:
## ADAAA & THCRA Discrimination

29.    The paragraphs above are incorporated as if set forth in this section.

30.    Defendant refused to hire Plaintiff because of her disability.

31.    Defendant's actions were taken with malice and with reckless indifference to Plaintiff's federally and state-protected rights.

32.    Plaintiff seeks to recover back pay, compensatory and punitive damages, pre-judgment interest, and post-judgment interest.

33.     Plaintiff also seeks to recover her attorneys' fees, costs of court, pre and post judgment interest, and all other relief to which he may be entitled.

### JURY DEMAND

34.     Plaintiff requests trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant for the following

A.     an Order finding Defendant liable for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial as a result of Defendant's legal violations;

B.     an Order finding Defendant liable for compensatory damages, the sum to be determined at time of trial as a result of Defendant's legal violations;

C.     an order that Defendant take such other and further actions as may be necessary to redress Defendant's violations of the law, including, if applicable, reinstatement to Plaintiff's former position (or front pay if reinstatement not feasible), and mandatory annual training for management level employees on disability laws;

D.     an Order finding Defendant liable for punitive damages, the sum to be determined at time of trial;

E.     an Order awarding Plaintiff the costs of this action;

F.     an Order awarding Plaintiff her attorney's fees;

G.     an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

H.     an Order granting such other and further relief as may be necessary and appropriate.

*Respectfully Submitted,*

Tremain Artaza PLLC

By: */s/ Ashley Tremain*
       Ashley E. Tremain
       State Bar No. 24066209

4925 Greenville Ave., Ste. 200
Dallas, Texas 75206
Telephone: (469)-573-0229
Facsimile: (214)-254-4941
ashley@tremainartaza.com

**COUNSEL FOR PLAINTIFF**